IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                           )
                                            )
TRI-STATE FINANCIAL, LLC,                   )
d/b/a North Country Ethanol,                )
                                            )        CASE NO. BK08-83016-TJM
            Debtor(s).                      )              A10-8072-TJM
THOMAS D. STALNAKER, TRUSTEE,               )
                                            )
            Plaintiff,                      )        CHAPTER 11
                                            )
      vs.                                   )
                                            )
MIDWEST RENEWABLE ENERGY, LLC,              )
                                            )
            Defendant.                      )

## ORDER

This matter is before the court on the plaintiff's motion for partial summary judgment (Fil. No. 22) and objection by the defendant (Fil. No. 32). David J. Skalka and Martin P. Pelster represent the plaintiff, and C. Jan Headley represents the defendant. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

The trustee of the bankruptcy estate filed this adversary proceeding to recover certain alleged preferential and/or fraudulent transfers. He now moves for summary judgment on one count of the complaint, alleging that three transfers totaling $107,364.14 are avoidable preferences.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Ricci v. DeStefano, 557 U.S. 557, 129 S. Ct. 2658, 2677 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)).

The Eighth Circuit Court of Appeals has discussed the reasons behind and the elements of avoidance of preferential transfers:

> "Under the Bankruptcy Code's preference avoidance section, 11 U.S.C.

§ 547, the trustee is permitted to recover, with certain exceptions, transfers of property made by the debtor within 90 days before the date the bankruptcy petition was filed." Barnhill v. Johnson, 503 U.S. 393, 394, 112 S. Ct. 1386, 118 L. Ed. 2d 39 (1992). "This rule 'is intended to discourage creditors from racing to dismember a debtor sliding into bankruptcy and to promote equality of distribution to creditors in bankruptcy.'" Lindquist v. Dorholt (In re Dorholt, Inc.), 224 F.3d 871, 873 (8th Cir. 2000) (quoting Jones Truck Lines, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund (In re Jones Truck Lines, Inc.), 130 F.3d 323, 326 (8th Cir. 1997)).

"Title 11 U.S.C. § 547(b) requires that in order for a transfer to be subject to avoidance as a preference, (1) there must be a transfer of an interest of the debtor in property, (2) on account of an antecedent debt, (3) to or for the benefit of a creditor, (4) made while the debtor was insolvent, (5) within 90 days prior to the commencement of the bankruptcy case, (6) that left the creditor better off than it would have been if the transfer had not been made and the creditor asserted its claim in a Chapter 7 liquidation." Buckley v. Jeld-Wen, Inc. (In re Interior Wood Prods. Co.), 986 F.2d 228, 230 (8th Cir. 1993). The trustee must establish each of these elements by a preponderance of the evidence. Stingley v. AlliedSignal, Inc. (In re Libby Int'l, Inc.), 247 B.R. 463, 466 (8th Cir. B.A.P. 2000).

Wells Fargo Home Mortgage, Inc. v. Lindquist, 592 F.3d 838, 842 (8th Cir. 2010).

The parties do not dispute the following facts:

1. The plaintiff is the duly appointed, qualified and acting Chapter 11 trustee of the bankruptcy estate of Tri-State Financial, LLC ("Tri-State").

2. The defendant is a limited liability company and subject to the jurisdiction of this court.

3. Venue is proper in this court pursuant to 28 U.S.C. 1409(a).

4. Tri-State filed its petition for relief on November 21, 2008.

5. Tri-State owned an ethanol plant in South Dakota.

6. Tri-State and the defendant, Midwest Renewable Energy, LLC ("Midwest"), are sister companies in that they have common, but not identical, ownership.

7. Tri-State's electronic accounting records from 2008 demonstrate that it had a borrowing relationship with Midwest, in which Midwest would from time to time lend money to Tri-State. Tri-State maintained the accounting of this financing separately in its QuickBooks files under the accounting entry "MRE - Advance." There are no known written documents evidencing the terms of the financing.

8. Tri-State's bank records and electronic accounting statements show that it wired Midwest

$50,000 on September 19, 2008, and $55,000 on September 23, 2008.

9. Tri-State's bank statements show that on September 30, 2008, it issued a check to Midwest in the amount of $2,364.14, which Midwest cashed in November 2008. Tri-State's electronic accounting records lists the payment in the accounting category of "interest expense."

10. These three transfers were made within the 90-day period preceding Tri-State's petition date.

11. Midwest received the $50,000 and $55,000 transfers from Tri-State as payment on prior advances made by Midwest to Tri-State. Midwest received the $2,364.14 check from Tri-State as payment of interest.

In resisting the motion, Midwest questions whether the trustee can establish the elements of a preference, particularly the elements of insolvency and the transfer of the debtor's interest in property. Midwest also raises as a defense that the payments were made in the ordinary course of business under § 547(c)(2).

For purposes of the preference analysis, a debtor is presumed to have been insolvent on and during the 90 days immediately preceding the filing date of the petition. § 547(f). This presumption shifts the burden to the creditor to come forward with evidence of solvency. § 547(g); Hoffinger Indus., Inc. v. Bunch (In re Hoffinger Indus., Inc.), 313 B.R. 812, 818 (Bankr. E.D. Ark. 2004). "Insolvency" means a financial condition such that the sum of a debtor's debts is greater than all of the debtor's property, at a fair valuation. § 101(32)(A). Information from a debtor's bankruptcy schedules can be sufficient to rebut the presumption of insolvency. Fokkena v. Winston, Reuber, Byrne, P.C. (In re Johnson), 189 B.R. 744, 747 (Bankr. N.D. Iowa 1995). See also Killips v. Schropp (In re Prime Realty, Inc.), 380 B.R. 529, 534 (B.A.P. 8th Cir. 2007) (when statutory presumption of insolvency is inapplicable, court should examine debtor's balance sheets to determine financial position at time of transfer).

Here, the debtor's schedules, filed approximately three weeks after the petition date, show assets exceeding liabilities by nearly $12 million. The ethanol plant was not running at that time, but the schedules value the plant's equipment at $25 million, which is very close to what a consultant hired by the trustee estimated the value of the business would have been in September 2008 had it been fully or nearly fully operational at that point.

The trustee objected to much of the affidavit evidence submitted by Midwest on grounds of foundation, speculation, hearsay, and incompetent opinion, among other things. Those objections are sustained. As a result, the objected-to portions of the affidavits were not considered for purposes of this motion.

The exclusion of Midwest's evidence regarding valuation leaves only the debtor's schedules to rebut the presumption of insolvency. As noted above, the debtor's valuation of the plant appears to have been an optimistic projection of its potential value, based on the assumption the debtor could

get the plant up and running. Its actual value at the time of the bankruptcy filing, and within the 90 days preceding the filing, appears to be substantially less – based on the estimate of the trustee's consultant, about half of the scheduled value. This reduction in asset valuation changes the net solvency/insolvency ratio, with liabilities exceeding assets by approximately $500,000, which establishes the element of insolvency.

Midwest has raised the matter of the earmarking doctrine as a challenge to the trustee's preference argument. When new funds are provided by a new creditor to or for the benefit of the debtor for the purpose of paying the obligation owed to an old creditor, the funds are said to be "earmarked" and the payment is held not to be a voidable preference. McCuskey v. Nat'l Bank of Waterloo (In re Bohlen Enter., Ltd.), 859 F.2d 561, 565 (8th Cir. 1988).

The earmarking argument goes to the issue of whether the property transferred was really property of the debtor if the funds were provided by a third party for the specific purpose of paying a selected creditor. Stingley v. AlliedSignal, Inc. (In re Libby Int'l, Inc.), 247 B.R. 463, 467 (B.A.P. 8th Cir. 2000). The defendant must show:

> (1) There exists an agreement between the new lender and the debtor that the new funds will be used to pay a specified antecedent debt;
>
> (2) The terms are actually performed; and
>
> (3) The transaction, viewed as a whole, does not result in any diminution of the estate.

McCuskey, 859 F.2d at 566.

Here, the facts before the court do not give the impression that Tri-State and Midwest had an agreement to pay any particular antecedent debts – the parties had no written agreement, and it does not appear the funds were advanced to pay specifically identified debts, but simply to cover general operating expenses. Because the defendant is unable to prove the elements of the earmarking doctrine, that portion of the objection is overruled.

The defendant also raises the affirmative defense that the payments were made in the ordinary course of the parties' business. A preferential transfer is not avoidable under § 547(c)(2) if the transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee and made either in the ordinary course of business or financial affairs of the debtor and the transferee or according to ordinary business terms. Courts have established a four-part test to assist in the ordinary-course-of-business analysis: (1) the length of time the parties were engaged in the transactions at issue; (2) whether the amount or form of tender differed from past practices; (3) whether the debtor or the creditor engaged in any unusual collection or payment activity; and (4) whether the creditor took advantage of the debtor's deteriorating financial condition. Concast Canada, Inc. v. Laclede Steel Co. (In re Laclede Steel Co.), 271 B.R. 127, 131 n.3 (B.A.P. 8th Cir. 2002).

This defense raises factual questions about the nature and extent of the business relationship and financial transactions between Tri-State and Midwest, which require further fact-finding. Because it is not clear from this record that the trustee is entitled to judgment as a matter of law, the motion for partial summary judgment will be denied.

The court notes that the defendant, in its brief, requested a jury trial and raised the issue of the bankruptcy court's subject matter jurisdiction in light of Stern v. Marshall, 131 S. Ct. 2594 (2011). Neither issue will be determined at this point. If the defendant wants to invoke a right to a jury trial, he should follow the procedure set forth in Federal Rule of Bankruptcy Procedure 9015. If he desires to pursue a jurisdictional challenge, he should file a motion so that both parties may be heard.

IT IS ORDERED: The plaintiff's motion for partial summary judgment (Fil. No. 22) is denied. The plaintiff's objection to admission of evidence (Fil. No. 41) is sustained.

DATED:     May 29, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    C. Jan Headley
    *David J. Skalka
    *Martin P. Pelster
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.